UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, #75206, | ) C/A No. 3:11-3257-TMC-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| The State of South Carolina, | ) |
| Defendant. | ) |

This case is before the Court on a *pro se* Complaint filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 2). The case is before the undersigned United States Magistrate Judge upon re-referral from the Honorable Timothy M. Cain, United States District Judge, following the vacating of his prior Order adopting the Report and Recommendation originally issued in this case. (ECF Nos. 11, 9, 7).

## BACKGROUND INFORMATION

Plaintiff, an inmate with the South Carolina Department of Corrections, is incarcerated at the Lieber Correctional Institution. He filed this civil rights complaint alleging that he was subjected to "double jeopardy" during a 1987 criminal trial in Greenville County. (ECF No. 1, Compl. 3-4). He requests that the conviction entered against him after that jury trial be vacated, and asks for his

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

"appeal rights" to be reinstated. The Court takes judicial notice that this is the twentieth civil action Plaintiff has filed in this Court since June 1997. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("we note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.' "); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Eleventh Amendment to the United States Constitution provides that the state is immune from a federal lawsuit in this court. *See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 627 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989). Thus, because the only Defendant named in this Complaint is immune from suit, this case fails to state a viable § 1983 claim (or any other viable federal claim for that matter) and is frivolous against Defendant South Carolina. Additionally, even if a different person or entity were a named defendant, the Complaint would still be frivolous and subject to summary dismissal because of the application of the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[2] the Court stated:

---

[1]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails." *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.

3

> We hold that, in order to recover damages [or other relief][3] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.

Plaintiff unsuccessfully pursued an initial § 2254 petition relating to the same trial and resulting conviction in this court, but he did not bring that case into proper form and it was dismissed without prejudice without any consideration of the merits of the claims made in the petition. *Cox v. Ozmint*, Civil Action No. 3:04-23299-HFF. Since that time, Plaintiff has filed several other unsuccessful civil actions seeking various forms of relief from a different Spartanburg County conviction, (*see* Civil Action Nos. 3:11-3256; 3:11-3113; 3:11-3034; and 2:11-252). To day, however, to date he has not been successful in having the 1987 Greenville County conviction, which

---

[3]*See Johnson v. Freeburn*, 29 F.Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(mandamus relief sought).

4

is the subject of his Complaint in this case, set aside by way of appeal, PCR, habeas corpus, or otherwise. Because his allegations of uncorrected double jeopardy and ineffective counsel, if true, would necessarily invalidate his conviction, he cannot sue the State of South Carolina based on its involvement in his prosecution and ultimate conviction. Plaintiff has previously been informed of the effect that the application of the *Heck* opinion has on his continued efforts to overcome the Spartanburg County conviction: Civil Action No. 3:97-2514-CES. His continued filing of Complaints such as the one submitted in this case in light of his knowledge of the *Heck* doctrine and the failure to bring his initial § 2254 petition relating to the same conviction into proper form support a finding that this case is frivolous and that it should be dismissed with prejudice and counted as a strike.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *with prejudice*.

IT IS FURTHER RECOMMENDED that because the Complaint filed in this case fails to state a claim on which relief may be granted and is substantially frivolous, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, it is also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d

391(4th Cir. 2009)(strike dismissals must be entered *with* prejudice).

    Plaintiff's attention is directed to the important notice on the next page.

                                                                    Joseph R. McCrorey
                                                                  United States Magistrate Judge

April 23, 2012
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).